IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

|  |  |
|---|---|
| KALVIN DONNELL COWARD, also known as KELVIN D. COWARD, Plaintiff, | CASE NO. 7:22CV00177 |
| v. | MEMORANDUM OPINION |
| HAROLD CLARKE, et al., Defendants. | By: Hon. Michael F. Urbanski Chief United States District Judge |

The plaintiff, Kalvin Donnell Coward, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that prison officials had violated his constitutional rights in multiple incidents. *See Coward v. Clarke*, Case No. 7:20CV00792. The court granted the defendants' motion to sever the claim related to a censored, emailed photograph, and Coward consented to pay the filing fee for the instant case to continue litigating that claim. The defendants in this case filed a motion to dismiss on October 6, 2022. The court notified Coward of the defendants' motion on October 7, 2022, granting him twenty-one days to respond. The court's notice warned Coward that failure to respond to the defendants' arguments within the allotted time would be interpreted as a loss of interest in prosecuting the case and would result in dismissal of the case without prejudice. Coward sought and was granted an extension of time to file his response, which was then due no later than November 18, 2022. That deadline has passed, and Coward has had no further communication with the court concerning this case.

A district court has authority to dismiss an action for failure to prosecute, as expressly recognized in Rule 41(b). *Cleveland v. Astrue*, No. 3:11CV678-REP, 2012 WL 4329291, at *2

(E.D. Va. Aug. 23, 2012), *report and recommendation adopted*, No. 3:11CV678-REP, 2012 WL 4329286 (E.D. Va. Sept. 17, 2012) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 629–31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")). When considering dismissal for failure to prosecute, the court must evaluate "four factors: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused to the defendant; (3) the presence of any drawn-out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Cleveland*, 2012 WL 4329291, at *2 (citing *Hillig v. Commissioner*, 916 F.2d 171, 174 (4th Cir. 1990)). While dismissal could be with prejudice if these factors weigh in the defendants' favor, Rule 41(b) gives the court discretion to specify that the dismissal is without prejudice. *Payne v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006).

The deadline for Coward to respond to the defendants' motion has now passed. Coward has not filed any responsive pleading addressing the defendants' arguments in their motion, nor has he filed any additional motion for an extension of time to do so. The court concludes that while Coward may be personally responsible for failing to comply with the court's order, despite being warned of impending dismissal without prejudice, there is otherwise no history of his deliberately delaying the case or causing prejudice to defendants. Therefore, the court finds that dismissal without prejudice is the appropriate sanction.

- 3 -

The clerk is directed to forward a copy of this memorandum opinion and the accompanying final order to the parties

**ENTERED** this 13th day of January, 2023.

_____
Michael F. Urbanski
Chief United States District Judge